## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SUSAN E. STOLINSKI,** | | |
| **Plaintiff,** | | **8:14CV140** |
| **vs.** | | |
| **NEBRASKA STUDENT LOAN PROGRAM, INC.,** | | **ORDER** |
| **Defendant.** | | |

     This matter is before the court on the defendant's Motion to Extend Deadlines to Designate Expert Witness and for Opposition to Motion for Summary Judgment (Filing No. 36). The plaintiff filed a brief (Filing No. 37) and index of evidence (Filing No. 38) in response. The defendant has not yet replied.

## BACKGROUND

     This case arises from calls the plaintiff alleges she received from the defendant on her personal cellular telephone, without her consent, more than 265 times, using a "robo caller," in an effort to collect a student loan debt obligated by an unknown person. **See** Filing No. 1 - Complaint. Based on this allegation, the plaintiff filed this lawsuit on May 2, 2014, raising claims for violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* (Count I), invasion of privacy by intrusion upon seclusion (Count II), and violations of the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* (Count III). *Id.* The plaintiff seeks statutory and emotional distress damages. *Id.* The defendant generally denies the plaintiff's allegations. **See** Filing No. 10 - Answer. The defendant stated it contacted who it believed to be the debtor to advise the debtor about repayment options, rights, and responsibilities. **See** Filing No. 14 - Brief p. 4 (**citing** Filing No. 15 - Ex. B Heesacker Decl. ¶ 3).

     As relevant to this motion, in the court's initial progression order, the court ordered the disclosure of "at least the names and addresses of all expert witnesses expected to testify for that party at trial" prior to the court's December 17, 2014, planning conference. **See** Filing No. 12. On December 16, 2014, the plaintiff identified Jeremy

Mapes as an expert the plaintiff may call.  **See** Filing No. 38-1 - Plaintiff's Disclosure. Following the aforementioned planning conference, the court entered a final progression order on December 17, 2014.  **See** Filing No. 28.  The court gave the plaintiff until March 2, 2015, and the defendant until April 2, 2015, to disclose experts and attendant reports.  **Id.** ¶ 3.  The parties have until July 10, 2015, to complete depositions and written discovery.  **Id.** ¶ 2.  The final pretrial conference is October 16, 2015, and trial is set for November 23, 2015.  **Id.** ¶¶ 6, 8.  Also currently pending before the court is the plaintiff's March 10, 2015, summary judgment motion.  **See** Filing No. 32.

On April 2, 2015, the defendant's deadline to disclose an expert, the defendant filed the instant motion seeking an extension of the expert disclosure deadline as well as an extension of time to respond to the plaintiff's summary judgment motion.  **See** Filing No. 36 - Motion.  The defendant states it "has taken affirmative steps to obtain an expert, and the determination as to whether to do so will be finalized the week of April 6."  **Id.**  The defendant requests an extension of time until May 1, 2015, to respond to the summary judgment motion because counsel "primarily responsible for briefing in this matter" attended a funeral and has numerous other filings in other matters.  **Id.**

In response, the plaintiff argues, despite the passage of eleven months since this lawsuit was filed and not a single discovery request or deposition by the defendant, the defendant filed an eleventh-hour motion for an extension of time to possibly identify an expert even though the defendant did not previously identify an expert prior to the planning conference.  **See** Filing No. 37 - Response.  The plaintiff contends the defendant has not shown good cause for the requested extension and allowing an extension of time for the defendant to find an expert, when it has not even decided to retain an expert, is not justified.  **Id.**  The plaintiff argues an extension prejudices the plaintiff because of undue delay, unfair surprise, and it would be difficult for the plaintiff to retain an expert.  **Id.**  The plaintiff also argues there are two experienced attorneys representing the defendant and an extension until May 1, 2015, to respond to the summary judgment motion is unjustified.  **Id.**  Lastly, the plaintiff argues the defendant failed to adequately confer under NECivR 7.1.  **Id.**

## ANALYSIS

"[T]he district court has broad discretion in establishing and enforcing [progression order] deadlines."  **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 759 (8th Cir. 2006).  "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary:  'to serve the just, speedy, and inexpensive determination of every action.'"  **Id.** (**citing** Fed. R. Civ. P. 1; **see also Bradford v. DANA Corp.**, 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them.") (citation omitted)).  "A schedule may be modified only for **good cause** and with the judge's consent."  Fed. R. Civ. P. 16(b)(4) (emphasis added); **see also Hartis v. Chicago Title Ins. Co.**, 694 F.3d 935, 948 (8th Cir. 2012).  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  **Hartis**, 694 F.3d at 948 (citation omitted).  "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."  **Sherman v. Winco Fireworks, Inc.**, 532 F.3d 709, 717 (8th Cir. 2008).

The defendant has failed to show good cause to modify the court's progression orders.  Specifically, the defendant has not demonstrated diligence in identifying and disclosing an expert.  The defendant's motion does not explain why it failed to identify an expert prior to the December 17, 2014, conference, or why it could not meet the April 2, 2015, deadline.  The court will, however, allow the defendant an extension of time to respond to the summary judgment motion.  The defendant shall have until May 1, 2015, to respond to the plaintiff's summary judgment motion.  The plaintiff shall have until May 11, 2015, to reply.  Upon consideration,

**IT IS ORDERED**:

The defendant's Motion to Extend Deadlines to Designate Expert Witness and for Opposition to Motion for Summary Judgment (Filing No. 36) is granted to the extent the defendant shall have until **May 1, 2015**, to respond to the plaintiff's summary judgment

motion and the plaintiff shall have until **May 11, 2015**, to reply, and denied in all other respects.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 8th day of April, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge